# IN THE UNITED STATES DISTRICT COURT FOR THE

# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **DAVID JOSE ESCALONA,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-828-G** |
| | ) | |
| **TODD BLANCHE, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## <u>ORDER</u>

Before the Court is Petitioner's Petition for Writ of Habeas Corpus ("Petition") alleging his 16-month long detention is unreasonably prolonged in violation of his due process rights, filed on April 16, 2026. (Doc. 1, at 27-28). In accordance with an expedited briefing schedule, Respondents filed their Response on May 8, 2026. (Doc. 16). On May 15, 2026, Petitioner filed his reply. (Doc. 17). On April 20, 2026, while the Petition was being briefed, Petitioner was ordered removed to Mexico. (Doc. 16, at Ex. 2, at 3). The EOIR Automated Case Information indicates that "no appeal was received for this case," even though the appeal was due on May 20, 2026. *See* EOIR, Automated Case Information, *at* https://acis.eoir.justice.gov/en/ (last accessed July 27, 2026); *see also* 8 C.F.R. § 1003.38(b) (stating that an appeal from the order of an immigration judge is due 30 days after the immigration judge's decision).

At the time the Petition and Response were filed, the parties agreed Petitioner was detained under 8 U.S.C. § 1226(c). (Doc. 1, at 14; Doc. 16 at 5). However, an order of removal becomes final "upon expiration of the time allotted for an appeal if the [non-

citizen] does not file an appeal within that time." 8 C.F.R. § 1241.1(c). Therefore, it appears Petitioner's order of removal became final on May 20, 2026.

When a non-citizen has a final order of removal, then his detention is governed by 8 U.S.C. § 1231. *See* 8 U.S.C. § 1231(a) (titled "Detention, release, and removal of aliens ordered removed"). If Petitioner has a final order of removal, he is subject to the 90-day statutory "removal period" in which Respondents "shall remove the alien from the United States." 8 U.S.C. § 1231(a)(1)(A); *see also* 8 U.S.C. § 1231(a)(1)(B) (stating the removal period begins on the day the order of removal becomes final). Here, if Petitioner's order of removal became final on May 20, 2026, his removal period would last until August 18, 2026. As such, Respondents would have statutory authority to detain Petitioner during the removal period until that date. 8 U.S.C. §1231(a)(2)(A).

Accordingly, not later than **August 3, 2026**, the parties are **DIRECTED** to file supplemental briefs confirming whether either party appealed Petitioner's April order of removal. If neither party appealed the order of removal, the parties are further **DIRECTED** to explain whether the Petition is now moot. *See, e.g., Carbajal v. Holder*, 43 F. Supp. 3d 1184, 1189 (D. Colo. 2014) (finding petitioner's "claims challenging his mandatory detention without an individualized bond hearing during the pre-removal period now are moot because the Board of Immigration Appeals dismissed his administrative appeal" making his order of removal final and collecting cases).

**IT IS SO ORDERED** this 27th day of July, 2026.

_____
AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE